**Herbert T. O'BEIRNE, Petitioner,**

v.

**Winfred OVERHOLSER, Superintendent,. St. Elizabeths Hospital, Respondent.**

**No. 8–60.**

United States District Court District of Columbia.

Jan. 29, 1960.

Leslie B. Downing, Washington, D. C., for petitioner.

Oliver Gasch, U. S. Atty., and Oscar Altshuler, Asst. U. S. Atty., Washington, D. C., for respondent.

HOLTZOFF, District Judge.

This is a writ of habeas corpus against the Superintendent of Saint Elizabeths Hospital for the mentally ill, the petitioner being a patient therein and claiming that he is entitled to be released.

It appears from the files of the Municipal Court of the District of Columbia in the case of the United States against this petitioner, Number U.S. 7391–56, that on October 15, 1957, he was charged with the crime of larceny, was found not guilty by reason of insanity at the time the offense was committed, and, accordingly, as required by the statute, D.C.Code, Title 24, Section 301, subsection (d), he was committed by that Court to Saint Elizabeths Hospital.

The records of the Municipal Court import verity and this Court will no go behind that record to determine whether the defendant had an adequate opportunity to present his defense. Evidently he must have had, because he was found not guilty on the ground of insanity.

Title 24, Section 301, provides that a person confined in a hospital for the mentally ill, pursuant to subsection (d), to which reference has just been made, may be released only under the following circumstances:—if the Superintendent of the hospital certifies that such person has recovered his sanity, that in the opinion of the superintendent, such person will not in the reasonable future be dangerous to himself or to others, and, in the

574

opinion of the superintendent that the person is entitled to his unconditional release, and such certificate is filed with the Clerk of the Court and a copy served on the United States Attorney or Corporation Counsel, as the case may be; and if, on the basis of such certificate, the Court orders the unconditional release of such person, either after or without a hearing.

 The Court may not authorize, therefore, a release of such person unless the requisite certificate is filed by the superintendent of Saint Elizabeths Hospital. The obvious purpose of the last-mentioned requirement is to safeguard the public against the release of insane criminals who might possibly repeat their depredations. In such a case the Court may not try the issue of sanity or insanity *de novo* on habeas corpus.

██ The Court is not unmindful of the fact that subsection (g) of Section 301 provides that nothing therein contained shall preclude a person confined under the authority of that section from establishing his eligibility for release under provisions of that section by a writ of habeas corpus. As a matter of fact, that section perhaps may be deemed surplusage, because the use of the writ of habeas corpus may not be limited by statute, and a person who claims to be deprived of his liberty illegally may always resort to the writ of habeas corpus. The question arises, however, what may the Court review in a habeas corpus proceeding? It may not try *de novo* the issue whether the petitioner ever has been insane, or whether he has recovered his sanity. Such a person may not be released without the certificate of the superintendent, in the words of the statute. The only issue, therefore, that might be raised and that the Court might review is whether the superintendent unreasonably, capriciously and arbitrarily declined to issue such a certificate. Naturally a matter of this kind is always subject to judicial review, but in order to establish eligibility for release by habeas corpus, it would be necessary for the petitioner to show not only that he has re-

covered his sanity, but also that the superintendent arbitrarily and capriciously withholds the certificate. No evidence is presented tending to show that the superintendent is acting arbitrarily or capriciously, and on the face of his return to the rule to show cause and to the writ, there would appear to be a reasonable basis for his position.

The writ will be discharged, the petition is dismissed, and the petitioner remanded.